```
 1  LEONARD L. GUMPORT (Bar No. 86935)
    lgumport@gumportlaw.com
 2  ANDREW S. ROTTER (Bar No. 86725)
    arotter@gumportlaw.com
 3  PETER J. MASTAN (Bar No. 190250)
    pmastan@gumportlaw.com
 4  GUMPORT | MASTAN
    550 South Hope Street, Suite 825
 5  Los Angeles, California 90071-2627
    Telephone: (213) 452-4900
 6  Facsimile: (213) 623-3302

 7  Proposed Attorneys for Ronald L. Durkin,
    Interim Chapter 11 Trustee
 8
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re | Bk. No. 2:10-bk-19938-BR |
|---|---|
| CAPITOL FILMS DEVELOPMENT, LLC, <br><br> Alleged Debtor. | CHAPTER 11 <br><br> NOTICE OF MOTION AND MOTION FOR ORDER (1) DESIGNATING DAVID R. BERGSTEIN UNDER FRBP 9001(5) AS THE REPRESENTATIVE OF THE ALLEGED DEBTORS AND (2) DIRECTING ALLEGED DEBTORS TO TURNOVER PROPERTY AND RECORDS TO INTERIM TRUSTEE UNDER FRBP 4002(a) AND 11 U.S.C. §§ 521(a)(4) AND 542; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LEONARD L. GUMPORT; AND EXHIBITS <br><br> DATE: July 20, 2010 <br> TIME: 10:00 a.m. <br> PLACE: Courtroom 1668 <br> 255 E. Temple St. <br> Los Angeles, CA 90012 <br> [Judge Russell] |

/ / /

/ / /

/ / /

# NOTICE OF MOTION AND MOTION

**TO DAVID R. BERGSTEIN; AND TO THE ALLEGED DEBTORS; THE OFFICE OF THE UNITED STATES TRUSTEE; PETITIONING CREDITORS; THOSE PERSONS AND ENTITIES THAT HAVE REQUESTED SPECIAL NOTICE; AND THEIR RESPECTIVE ATTORNEYS OF RECORD, IF ANY:**

**NOTICE IS HEREBY GIVEN** that on July 20, 2010 on the 10:00 a.m. calendar, before then Honorable Barry Russell, United States Bankruptcy Judge, in Courtroom 1668 of the United States Bankruptcy Court, 255 East Temple Street, Los Angeles, California 90012, the chapter 11 interim trustee (the "Interim Trustee") will make and does hereby makes this motion ("Motion") to designate David R. Bergstein as the Alleged Debtors' representative under FRBP 9001(5) and specifically requiring Bergstein, on behalf of the Alleged Debtors, to turn over all of their property and records to the Interim Trustee as required by 11 U.S.C. §§ 521(a)(4) and 542 and FRBP 4002(a) in each of the following five bankruptcy cases (collectively, the "Involuntary Cases"): **(1)** *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; **(2)** *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; **(3)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(4)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(5)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR. By this Motion, and identical motions in each of the other Involuntary Cases, the Interim Trustee seeks an order that provides that:

    **A.**    Bergstein is hereby designated under FRBP 9001(5) as the "Debtor" for each of the Alleged Debtors in the Involuntary Cases, including the Alleged Debtor in the above-captioned case; and

    **B.**    Bergstein, as the designated representative of each of the Alleged Debtors, shall turn over within two days to the Interim Trustee all of the property and records of the Alleged Debtors, including the Alleged Debtor in the above-captioned case.

**NOTICE IS FURTHER GIVEN** that this motion is made pursuant to FRBP 4002(a), 7001(1) and 9001(5) and 11 U.S.C. §§ 105, 521(a)(4) and 542 and is made on the grounds

that: (a) the Alleged Debtors are all managed by Bergstein and have no designated representative; (b) on March 31, 2010, the Court ordered the appointment of an interim trustee but the Alleged Debtors have not turned over any significant property to the Interim Trustee and have failed and refused to disclose what assets they have not turned over and have continued to exercise control over property of the bankruptcy estates; (c) on May 3, 2010, Bergstein promised to give the Interim Trustee a written inventory of the assets and records of the Alleged Debtors, but he has failed to do so, even while he is refusing to permit the Interim Trustee to inspect and copy records and refusing to permit himself to be examined on behalf of the Alleged Debtors; (d) FRBP 9001(5) gives the Court authority to designate a control person of a corporation or partnership as the representative of a debtor, and an LLC is a corporation within the meaning of the Bankruptcy Code; (e) 11 U.S.C. § 521(a)(4) and FRBP 4002(a) requires a debtor to turn over property and records to the trustee administering the debtor's bankruptcy estate; (f) and FRBP 7001(1) and 11 U.S.C. §§ 521(a)(4) and 542 give the Court authority to order a debtor to turn over property of the estate to its trustee.

**NOTICE IS FURTHER GIVEN** that this Motion is based on: (1) this Notice of Motion and Motion, (2) the attached memorandum of points and authorities; (3) the attached declaration of Leonard L. Gumport (and the declaration of Ronald L. Durkin, attached as Exhibit 1 and previously filed on May 25, 2010), (4) the attached exhibits, and (5) papers and pleadings already filed with the Court and subject to judicial notice, including specifically: (a) the "Declaration of David Bergstein Submitted in Opposition to Certain Creditors' Motion for Order Appointing Trustee," which was filed on March 23, 2010 in the Involuntary Cases and again submitted as Exhibit 5 to the Interim Trustee's Request to Take Judicial Notice, etc., filed on May 25, 2010; (b) Exhibit 9 to the Interim Trustee's Request to Take Judicial Notice, etc., filed on May 25, 2010, and that consists of a copy of the complaint filed on April 27, 2010 by Bergstein and others in *Ronald Tutor; David Bergstein; R2D2 LLC etc. et al. v. Daniel B. Zwirn etc. et al.*, Los Angeles Superior Court Case No. BC436548.

**NOTICE IS FURTHER GIVEN** that if you do not oppose the Motion, you need take no further action.

1     **NOTICE IS FURTHER GIVEN** that, if you do oppose the Motion, Local

2 Bankruptcy 9013-1(f) requires that any response to the Motion must be filed with the Court

3 and served upon counsel for the Interim Trustee. Any opposition must be filed at least

4 fourteen (14) days before the hearing date on the Motion specified in this Motion. Any

5 opposition shall contain a complete statement of all reasons in opposition to the Motion,

6 citations to legal authority and admissible evidence (including declarations and exhibits) on

7 which the party opposing the Motion intends to rely. Any opposition shall be filed and served

8 on the following persons:

| **For Filing with the Court:** | **For Service on the U.S. Trustee:** |
|---|---|
| Clerk's Office | c/o Russell Clementson, Esq. |
| United States Bankruptcy Court | Office of the United States Trustee |
| 255 East Temple Street | 725 South Figueroa Street, Suite 2600 |
| Los Angeles, California 90012 | Los Angeles, California 90017 |

**For Service on the Interim Trustee:**
Ronald L. Durkin, Interim Trustee
c/o Leonard L. Gumport, Esq.
Gumport | Mastan
550 South Hope Street, Suite 825
Los Angeles, California 90071

16     **NOTICE IS FURTHER GIVEN that, pursuant to Local Bankruptcy Rule 9013-**

17 **1(h), failure to timely file an opposition to the Motion may be deemed by the Court to**

18 **constitute consent to the Court's granting the Motion.**

19 Dated: June //, 2010                  Respectfully submitted,

GUMPORT | MASTAN

By: _____
     Leonard L. Gumport
Proposed Attorneys for Ronald L. Durkin,
Interim Chapter 11 Trustee
(Employment application is pending.)

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................. 4

II. SUMMARY ....................................................... 4

III. FACTS ......................................................... 5

IV. THE ALLEGED DEBTORS SHOULD BE REQUIRED TO TURN OVER THE ESTATE PROPERTY AND RECORDS UNDER 11 U.S.C. §§ 521 & 542   8

V. BERGSTEIN SHOULD BE DESIGNATED UNDER FRBP 9001(5) AS THE "DEBTOR" IN EACH CASE TO PERFORM THE DEBTORS' DUTIES ..... 9

VI. CONCLUSION .................................................... 11

DECLARATION OF LEONARD L. GUMPORT ................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brandt v. Tabet Divito & Rthstein, LLC (In re Longview Aluminum, L.L.C.),*
    419 B.R. 351 (Bankr. N.D. Ill. 2009) .......................................... 10

*Gilliam v. Speier (In re KRSM Properties, LLC),*
    318 B.R. 712 (BAP 9th Cir. 2004) ............................................ 10

*In re Colvin,*
    288 B.R. 477 (Bankr. E.D. Mich. 2003) ....................................... 8

*In re Continuum Care Services, Inc.,*
    375 B.R. 692 (Bankr. S.D. Fla. 2007) ......................................... 10

**STATUTES**

11 U.S.C. § 105 .................................................................... 1

11 U.S.C. § 303 .................................................................... 8

11 U.S.C. § 329 ................................................................... 13

11 U.S.C. § 521 .................................................................... 8

11 U.S.C. § 521(a) ................................................................. 8

11 U.S.C. § 521(a)(4) ..................................................... 1, 2, 4, 5, 8, 9

11 U.S.C. § 541 .................................................................... 8

11 U.S.C. § 542 ........................................................... 1, 2, 4, 5, 8

Fed.R.Bankr.P. 2004 ......................................................... 4, 7, 13

Fed.R.Bankr.P. 4002(a) ........................................................ 1, 2, 4, 5

Fed.R.Bankr.P. 4002(a)(4) .......................................................... 9

Fed.R.Bankr.P. 7001(1) ........................................................... 1, 2

Fed.R.Bankr.P. 9001(5) ..................................................... 2, 4, 5, 9, 10

Local Bankruptcy Rule 9013-1(f) .................................................... 3

Local Bankruptcy Rule 9013-1(h) .................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This memorandum of points and authorities is submitted by the interim trustee ("Interim Trustee") in support of his motion (the "Motion") to designate David R. Bergstein as the "Debtor" under FRBP 9001(5); to require Bergstein, as the designated representative of the five debtors (the "Alleged Debtors"), to perform their turnover obligations under 11 U.S.C. § 521(a)(4) and 542 and their cooperation duties under § 521(a)(4) and Rule 4002(a).

The Interim Trustee is Ronald L. Durkin, who is the chapter 11 interim trustee of Alleged Debtors in the following five bankruptcy cases (collectively, the "Involuntary Cases"): (1) *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; (2) *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; (3) *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; (4) *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and (5) *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.

The Alleged Debtors in the Involuntary Cases are five affiliated companies that were and directly or indirectly owned and controlled by David R. Bergstein ("Bergstein"), at times with a co-owner named Ronald Tutor ("Tutor"). The names of the Alleged Debtors are: (1) R2D2 LLC ("R2D2"), (2) CT1 Holdings LLC ("CT1"), (3) Capco Group LLC ("Capco"), (4) Capitol Films Development LLC ("CFD"), and (5) ThinkFilm LLC ("ThinkFilm").

## II. SUMMARY

The Interim Trustee cannot safeguard estate assets if he does not know what they are, and the Alleged Debtors will not turn over those assets or identify them. Because this is an involuntary case, there are no schedules identifying the estates' assets.

The Alleged Debtors' principal, Bergstein, has not turned over the Alleged Debtors' assets and has failed and refused to identity those assets, even after promising to provide a written inventory to the Interim Trustee.

As reflected by the Court's docket, Bergstein also withheld records of the Alleged Debtors on Bergstein's office computer and made a blanket refusal to attend his Rule 2004 examination. Instead, Bergstein misguidedly and inappropriately seeks to delay providing a

single shred of testimony until after the Interim Trustee makes commitments to Bergstein about how undisclosed assets of the estates will be administered.

In the meantime, after the Court approved the appointment of the Interim Trustee, Bergstein unilaterally exercised control of estate assets by causing several of the Alleged Debtors to file a multi-million dollar lawsuit against various of their creditors on purported pre-petition causes of action. That litigation was filed by Bergstein (who is a co-plaintiff) without prior notice to or the consent of the Interim Trustee and without Bergstein's permitting the Interim Trustee to investigate and review the merits of that litigation.

The Alleged Debtors are all limited liability companies ("LLCs") under the control of Bergstein, notwithstanding this Court's order appointing the Interim Trustee. Since Bergstein will not voluntarily testify and will not permit the Interim Trustee to know what assets there are (or what debts exist), the Interim Trustee requests and needs this Court to designate Bergstein as the "Debtor" under FRBP 9001(5) and to perform the Alleged Debtors' turnover and cooperation obligations specified in 11 U.S.C. §§ 521(a)(4) and FRBP 4002(a). Those provisions unambiguously require the Alleged Debtors to do what they are currently not doing, namely turning over their assets and cooperating with the Interim Trustee.

Bergstein admittedly has not filed personal income tax returns for in approximately three years and is past the point of being able to obtain an extension. Bergstein cannot prudently be left in control of the assets of the Alleged Debtors. Designating Bergstein as the "Debtor" under FRBP 9001(5) will assure that he cannot legally continue to make the Alleged Debtors disregard their duties under 11 U.S.C. § 521(a)(4) and 542 and FRBP 4002(a).

### III. FACTS

On March 17, 2010, creditors filed the Involuntary Cases against the Alleged Debtors.

On March 18, 2010, the petitioning creditors filed emergency motions for the appointment of an interim trustee. Declarations submitted in support of the emergency motions include those attached as Exhibits 2 and 4.

On March 23, 2010, Bergstein filed a detailed declaration showing his control and knowledge of the financial affairs of the Alleged Debtors. Among other things, Bergstein

1 stated that: (1) he owns and manages R2D2; (2) he manages CT1, Capco Group, and Capitol
2 Films Development; (3) through subsidiaries, CT1 owns ThinkFilm LLC. *See* Ex. 3
3 (3/23/10 Bergstein Decl., ¶¶ 1, 7.)  Similarly, on April 9, 2010, the Alleged Debtors filed
4 corporate ownership statements reflecting that R2D2 directly or indirectly owns CT1, Capco
5 Group, Capitol Films Development and ThinkFilm.
6     On March 31, 2010, in the Involuntary Cases, the Court entered an order directing the
7 appointment of an interim trustee.  On April 9, 2010, the Office of the United States Trustee
8 ("OUST") filed an application for approval of the appointment of Mr. Durkin as the Interim
9 Trustee.  On April 15, 2010, the Court entered orders approving the appointment of
10 Mr. Durkin as Interim Trustee.   On April 20, 2010, Mr. Durkin filed his required trustee
11 bonds.
12     On April 13, 2010, following the filing of the OUST's application, Mr. Durkin met
13 with Bergstein.  The meeting took place at Mr. Bergstein's office, apparently rented in the
14 name of an entity called "Pangea" and located at 10960 Wilshire Boulevard, Suite 700, Los
15 Angeles, California (the "Suite 700 Office"). Ex. 1 (5/25/10 Durkin Decl., ¶¶ 4-6).
16     At the April 13th meeting, Bergstein stated that he was in charge of all the Alleged
17 Debtors.  He said that ThinkFilm and R2D2 might have receivables, but never disclosed who
18 the account debtors were.  He said that the Alleged Debtors cumulatively had approximately
19 $5,000 in their bank accounts and had transferred their other assets sometime prior to
20 bankruptcy and subject to liens in excess of $40 million held by an affiliate of Bergstein and
21 Ronald N. Tutor ("Tutor").  Ex. 1 (5/25/10 Durkin Decl., ¶¶ 4-6).
22     On April 16, 2010, Bergstein showed the Interim Trustee that Bergstein had tabbed
23 computer files of cash receipts and disbursements spreadsheets of the Alleged Debtors on
24 Bergstein's office computer.  Bergstein would not permit the Interim Trustee to download
25 those files.  Instead, Bergstein subsequently emailed to the Interim Trustee an altered version
26 of those spreadsheets that omitted the tabbed portions of what the Interim Trustee had seen on
27 Bergstein's computer screen. Ex. 1 (5/25/10 Durkin Decl., ¶ 15).
28 / / /

1    On April 27, 2010, without the consent of the Interim Trustee, Bergstein and various of
2    the Alleged Debtors filed a state court lawsuit against a pre-petition lender of the Alleged
3    Debtors. Ex. 1 (Durkin Decl., ¶ 12); Ex. 5 (complaint against Zwirn).
4    On May 3, 2010, the Interim Trustee again met with Bergstein at the Suite 700 Office.
5    At the meeting, Bergstein disclosed that he had not filed personal income tax returns for the
6    past three years and was past the point of being able to get an extension to file his returns.
7    Bergstein promised to provide a written inventory of the Alleged Debtors, including records
8    and lawsuits in which the Alleged Debtors were involved. Bergstein further stated that
9    ThinkFilm might have some assets. Ex. 1 (5/25/10 Durkin Decl., ¶ 13.)
10    Following the May 3rd meeting, Bergstein did not provide the written inventory that he
11    had promised to provide. Ex. 1 (5/25/10 Durkin Decl., ¶ 14.)
12    On May 25, 2010, the Interim Trustee filed a motion for a Rule 2004 examination of
13    Bergstein and scheduled the examination for June 15, 2010. As reflected by the Court's
14    docket, on June 1, 2010, the Alleged Debtors filed objections and a request to prevent the
15    Rule 2004 examination. Among other things, the Alleged Debtors claimed that the Interim
16    Trustee had not adequately met and conferred with them.
17    On June 7, 2010, the Court postponed the Rule 2004 examination of Bergstein and set
18    a hearing date of 10:00 a.m. on July 20, 2010 on whether to grant Bergstein a protective order.
19    Through the filing of this motion, despite Bergstein's promise on May 3rd, he has
20    never provided an inventory. As reflected by the Alleged Debtors' June 1st objections to
21    providing a Rule 2004 examination, Bergstein is making a blanket refusal to testify. It seems
22    that Bergstein has plenty of time to submit declarations and pleadings explaining his refusals
23    to testify, but no time or willingness to submit to questioning under oath.
24    As stated, Bergstein has tabbed spreadsheets of receipts and disbursements of the
25    Alleged Debtors on his office computer, but Bergstein has prohibited the Interim Trustee from
26    downloading those tabbed files. Instead, Bergstein emailed to the Interim Trustee an altered
27    version of those files that omitted all of the tabbed files that the Interim Trustee had seen on
28    Bergstein's computer. Ex. 3 (5/25/10 Bergstein Decl., ¶¶ 15-16).

## IV. THE ALLEGED DEBTORS SHOULD BE REQUIRED TO TURNOVER THE ESTATE PROPERTY AND RECORDS UNDER 11 U.S.C. §§ 521 & 542

The filing of the involuntary petitions automatically created bankruptcy estates under 11 U.S.C. §§ 303 and 541. On April 15, 2010, the Court approved the appointment of the Interim Trustee. Under 11 U.S.C. §§ 521(a)(4) and 542, the Alleged Debtors are obligated to turn over the assets and records of the bankruptcy estate to the Interim Trustee.

11 U.S.C. § 521(a) enumerates duties that a debtor "shall" perform. Section 521(a) leaves no doubt what those duties include when, as here, there is a trustee serving in a case.

Section 521(a)(4) states that a debtor shall "if a trustee is serving in the case . . . surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title[.]" *See In re Colvin*, 288 B.R. 477, 479 (Bankr. E.D. Mich. 2003) (citing 11 U.S.C. § 521 and stating: "In addition, the code and the rules create a special obligation on the debtor in disclosing assets.")

It is apparent that the turnover of bankruptcy estate property and records as required by 11 U.S.C. §§ 521(a)(4) and 542 has yet to occur:

**First:** The Interim Trustee has seen that Bergstein has tabbed cash receipts and disbursement records of the Alleged Debtors on Bergstein's office computer. Bergstein has failed and refuse to permit the Interim Trustee to download those computer files. Instead, Bergstein sent the Interim Trustee an altered version of those computer files by deleting the tabbed information from the copy that Bergstein sent to the Interim Trustee. Ex. 1 (5/25/10 Durkin Decl., ¶ 15).

**Second:** On May 3rd, Bergstein promised that he would provide a written inventory of the Alleged Debtors' assets and records. More than a month later, Bergstein has failed to perform this task and has balked at providing any testimony to the Interim Trustee, even while Bergstein finds time to file pleadings and declarations while evading answering questions. Ex. 1 (5/25/10 Durkin Decl., ¶¶ 13-14).

///

  **Third:** At meetings on April 13th and May 3rd, Bergstein indicated that one or more of the Alleged Debtors had receivables, but he has failed to identify who those account debtors are. Ex. 1 (5/25/10 Durkin Decl., ¶¶ 6, 13).

  **Fourth:** Even after the Interim Trustee was appointed, Bergstein (and Mr. Tutor) unilaterally caused various of the Alleged Debtors to initiate multi-million litigation on pre-petition causes of action belonging to their bankruptcy estates. Gumport Decl., ¶ 5 and Exs. 5-6; Ex. 1 (5/25/10 Durkin Decl., ¶ 12).

  **Fifth:** Bergstein filed a declaration on March 23rd alleging that the Alleged Debtors are part of a vast enterprise that annually handles approximately $500 million, much of it belonging to third parties. In the same declaration, Bergstein swore that (with the exception of ThinkFilm), the Alleged Debtors were paying their debts as they fell due. Subsequently, Bergstein represented to the Interim Trustee that the Alleged Debtors cumulatively had approximately $5,000 in their bank accounts. *See* Ex. 3 (3/23/10 Bergstein Decl., ¶¶ 2, 4); Ex. 1 (5/25/10 Durkin Decl., ¶ 6).

  **Sixth:** An attorney named Michael Barnes, Esq. admittedly has client files of the Alleged Debtors. None of those files has been turned over, not even correspondence sent to third parties, despite the Interim Trustee's turnover demand made on May 11th. Gumport Decl., ¶ 8 and Exs 9-10. Perhaps there is some excuse for withholding some part of the client files. It is implausible, however, that every scrap of paper in the client files of the Alleged Debtors was entitled to be withheld. An attorney would not likely make a blanket refusal to turn over client files of the Alleged Debtors unless Bergstein condoned such conduct.

## V. <u>BERGSTEIN SHOULD BE DESIGNATED UNDER FRBP 9001(5) AS THE "DEBTOR" IN EACH CASE TO PERFORM THE DEBTORS' DUTIES</u>

  FRBP 4002(a)(4) expressly requires that a debtor "cooperate with the trustee in . . . the administration of the estate[.]" As quoted above, 11 U.S.C. § 521(a)(4) provides that, when a trustee is serving in a case, the debtor has an obligation to surrender all estate property and records to trustee. FRBP 9001(5) states that the Court has authority to designate a person to perform the duties of the debtor. Rule 9001(5) states in relevant part:

> .... When any act is required by these rules to be performed a by debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control; (B) if the debtor is a partnership, "debtor" includes any or all of its general partners or, if designated by the court, any other person in control.

See *In re Continuum Care Services, Inc.*, 375 B.R. 692 (Bankr. S.D. Fla. 2007)

Under the Bankruptcy Code, which nowhere mentions limited liability companies, LLCs are corporations. *Gilliam v. Speier (In re KRSM Properties, LLC)*, 318 B.R. 712, 718 (BAP 9th Cir. 2004) ("*KRSM*") ("In contrast [to a sole proprietorship], an LLC, by virtue of its structure and limited liability features, fits comfortably within the Bankruptcy Code's definition of 'corporation' and, hence, is a 'person' eligible to be a debtor."); *Brandt v. Tabet Divito & Rthstein, LLC (In re Longview Aluminum, L.L.C.)*, 419 B.R. 351, 354 (Bankr. N.D. Ill. 2009) ("*Longview*") (citing *KRSM* with approval).

Further, insofar far as the Bankruptcy Code is concerned, "an LLC is not a personal piggy bank," despite its legal structure (*KRSM*, 318 B.R at 720), and a manager of an LLC has a position equivalent to a corporate director (*Longview*, 419 B.R. at 356).

As a result, Rule 9001(5) authorizes the Court to designate as the "debtor" in each of the Involuntary Cases any individual who is "in control" or is a "controlling stockholder or member" and/or as a member of the "board of directors." The declaration filed by Bergstein on March 23rd and his subsequent dealings with the Interim Trustee make clear that Bergstein is, at a minium, a person in control of the Alleged Debtors.

Moreover, Bergstein purports to have extensive knowledge of the Alleged Debtors' financial affairs, including their assets and liabilities. Only by reason of such knowledge could Bergstein have made sworn assertions to the Court about the annual revenues of the Alleged Debtors' enterprise, the accounting systems maintained by the Alleged Debtors and the dealings between the Alleged Debtors and each of the petitioning creditors in the Involuntary Cases.

///

Main Document    Page 14 of 17

| | |
|---|---|
| 1 | **VI.    CONCLUSION** |
| 2 | For the reasons set forth above, the Court should grant the relief specified in the Notice |
| 3 | of the Motion. |

Dated:   June 11, 2010

Respectfully submitted,

GUMPORT | MASTAN

By: _____
Leonard L. Gumport
Proposed Attorneys for Ronald L.
Durkin, Interim Chapter 11 Trustee
(Employment application is pending.)

## DECLARATION OF LEONARD L. GUMPORT

**I, LEONARD L. GUMPORT, state:**

1.\. I am a partner in the law firm of Gumport | Mastan ("G|M"), whose applications to serve as counsel to Ronald L. Durkin ("Mr. Durkin" or the "Interim Trustee") in his capacity as the interim trustee are pending. Mr. Durkin is the interim trustee in the following five bankruptcy cases (the "Involuntary Cases"): (a) *In re ThinkFilm, LLC*, Bk. No. 2:10-bk-19912-BR, (b) *In re R2D2 LLC*, Bk. No. 2:10-bk-19924-BR; (c) *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; (d) *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and (e) *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR. (In this declaration, I refer to the debtors in the Involuntary Cases as the "Alleged Debtors.") At the request of the Interim Trustee, I began working on his behalf on or about April 9, 2010. I have personal knowledge of the facts stated in this declaration; and if called as a witness, I could and would competently testify thereto under oath.

2.\. **Exhibit 1** is a copy of a declaration previously submitted by the Interim Trustee on May 25, 2010 in support of motions to require Rule 2004 examinations from David R. Bergstein. The examinations were scheduled for June 15, 2010, but will not occur on that date because Mr. Bergstein filed objections and a request for a protective order and, based thereon, the Court postponed the examinations pending a July 20, 2010 hearing. To date, Mr. Bergstein has not submitted to any Rule 2004 examination by the Interim Trustee or me in this case.

3.\. On April 13, 2010, with Mr. Durkin, I attended a meeting with Mr. Bergstein at an office located at 10960 Wilshire Boulevard, Suite 700, Los Angeles, California (the "Suite 700 Office"). Prior to the April 13th meeting, I obtained copies of various pleadings and declarations filed in the Involuntary Cases, including **Exhibits 2-4**.

4.\. At the April 13, 2010 meeting at the Suite 700 Office, Mr. Bergstein stated, among other things, that a company named "Pangea" was the tenant and that records of the Alleged Debtors (and other companies) were in the Suite 700 Office and on computers in that

office. At the meeting, the lawyers with Mr. Bergstein were David Weinstein, Esq. and Lucia Coyoca, Esq. Mr. Weinstein stated that he was representing the debtors (the "Alleged Debtors") in the Involuntary Cases and that he had just left Richardson & Patel to join Holme Roberts & Owen. Ms. Coyoca stated that she was at Mitchell Silberberg & Knupp and that she had represented an affiliate of Mr. Bergstein's in pre-bankruptcy litigation. At the April 13th meeting, Mr. Bergstein mentioned that one or more of the Alleged Debtors might have accounts receivables, but he has never disclosed who those account debtors are.

5. Subsequent to the April 13, 2010 meeting, on or about April 27, 2010, I received a copy of a complaint that had been filed on that day in the Los Angeles Superior Court on behalf of several of the Alleged Debtors and other entities, including Messrs. Bergstein and Ronald Tutor. **Exhibit 5** is a copy of that complaint, which was also submitted to the Bankruptcy Court on May 25, 2010 with the Request to Take Judicial Notice, etc., filed in support of the Interim Trustee's motions for Rule 2004 examinations of Mr. Bergstein in the Involuntary Cases. Prior to receiving a copy of the already-filed state court complaint, the Alleged Debtors, Mr. Bergstein and their counsel had not shown the complaint to me, and they had not asked me whether the Interim Trustee would authorize any such lawsuit. At no time have Mr. Bergstein, the Alleged Debtors and their counsel of record given control of that lawsuit to the Interim Trustee, nor has Mr. Bergstein made himself available to answer under oath any questions by the Interim Trustee and me about any of the financial affairs of the Alleged Debtors, including those mentioned in Exhibit 5. **Exhibit 6** is a copy of an email that I sent to counsel for the Alleged Debtors (and counsel for the defendants in the state court lawsuit) on June 8, 2010.

6. On May 3, 2010, the Interim Trustee and I again attended a meeting at the Suite 700 Office. Mr. Bergstein attended the meeting. Among others who attended that meeting were Mr. Weinstein and another lawyer from his law firm. At the meeting, Mr. Bergstein stated, among other things, that certain of the Alleged Debtors might have some assets and that he would provide to the Interim Trustee a written inventory of the assets and records of the Alleged Debtors. Mr. Bergstein has not done that.

7.    On May 25, 2010, on behalf of the Interim Trustee, my firm filed motions for a Rule 2004 examination of Mr. Bergstein in the Involuntary Cases. As stated, Exhibit 1 is a copy of the declaration of the Interim Trustee filed in support of those motions. On June 1, 2010, I received a written objection to those Rule 2004 motion. After those objections were filed, the Rule 2004 examination did not take place, and the Interim Trustee's Rule 2004 motions to examine Mr. Bergstein are, as stated, set for hearing on the 10:00 a.m. calendar on July 20, 2010. After I learned of the postponement of the Rule 2004 motions of Mr. Bergstein, I requested counsel for Mr. Bergstein to meet and confer. To date, no meet and confer has occurred, although I have requested that Mr. Bergstein's counsel meet and confer. **Exhibits 7 and 8** are copies of email threads (two of many) between Mr. Weinstein and me.

9.    Beginning no later than May 11, 2010, I made a demand on Michael Barnes, Esq. to turn over all client files of the Alleged Debtors. Mr. Barnes has communicated to me that his law firm did represent one or more of the Alleged Debtors. To date, Mr. Barnes has not turned over any documents to me. **Exhibits 9 and 10** are copies of email threads (two of many) between Mr. Barnes and me. Neither Mr. Barnes nor any of his counsel and/or his clients' counsel has met and conferred with me, although I have told them that I am available.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 11, 2010, at Los Angeles, California.

_____
LEONARD L. GUMPORT