1  LEONARD L. GUMPORT (Bar No. 86935)
   *lgumport@gumportlaw.com*
2  ANDREW S. ROTTER (Bar No. 86725)
   *arotter@gumportlaw.com*
3  PETER J. MASTAN (Bar No. 190250)
   *pmastan@gumportlaw.com*
4  GUMPORT | MASTAN
   550 South Hope Street, Suite 825
5  Los Angeles, California 90071-2627
   Telephone: (213) 452-4900
6  Facsimile: (213) 623-3302

7  Proposed Attorneys for Ronald L. Durkin,
   Interim Chapter 11 Trustee
8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                **LOS ANGELES DIVISION**

12  In re                              )  **Bk. No. 2:10-bk-19938-BR**
                                       )
13                                     )  **CHAPTER 11**
                                       )
14  CAPITOL FILMS DEVELOPMENT,         )  **NOTICE OF MOTION AND MOTION**
    LLC,                               )  **PURSUANT TO FED.R.BANKR.P. 2004**
15                                     )  **AND L.B.R. 2004-1 FOR AN ORDER**
                                       )  **REQUIRING THE PRODUCTION OF**
16           Alleged Debtor.           )  **DOCUMENTS BY AND THE**
                                       )  **EXAMINATION OF SUSAN H.**
17                                     )  **TREGUB, INDIVIDUALLY AND AS**
                                       )  **CUSTODIAN OF RECORDS OF THE**
18                                     )  **LAW OFFICE OF SUSAN H.**
                                       )  **TREGUB; SUPPLEMENTAL**
19                                     )  **DECLARATION OF LEONARD L.**
                                       )  **GUMPORT; DECLARATION OF**
20                                     )  **ANDREW S. ROTTER; AND**
                                       )  **EXHIBITS**
21                                     )
                                       )  [Declarations of Ronald L. Durkin, Daniel P. Dehner
22                                     )  and Leonard L. Gumport, Request To Take Judicial
                                       )  Notice, Supplemental Declaration of Daniel P.
23                                     )  Dehner, and Exhibits previously filed; and
                                       )  Supplemental Request To Take Judicial Notice,
24                                     )  Exhibit, and Notice of Filing Motion concurrently
                                       )  filed under separate covers.]
25                                     )
                                       )  **DATE:     July 20, 2010**
26                                     )  **TIME:      10:00 a.m.**
                                       )  **PLACE:    Courtroom 1668**
27                                     )  **            255 E. Temple St.**
                                       )  **            Los Angeles, CA 90012**
28 _____        )  **            [Judge Russell]**

## NOTICE OF MOTION AND MOTION

**TO SUSAN H. TREGUB, INDIVIDUALLY AND AS CUSTODIAN OF RECORDS AND MANAGING AGENT OF THE LAW OFFICE OF SUSAN H. TREGUB; DAVID R. BERGSTEIN; THE ALLEGED DEBTORS; THE OFFICE OF THE UNITED STATES TRUSTEE; PETITIONING CREDITORS; THOSE PERSONS AND ENTITIES THAT HAVE REQUESTED SPECIAL NOTICE; AND THEIR RESPECTIVE ATTORNEYS OF RECORD, IF ANY:**

**NOTICE IS HEREBY GIVEN** that, on the 10:00 a.m. calendar on July 20, 2010, in Courtroom 1668 of the United States Bankruptcy Court for the Central District of California, Los Angeles Division, located at 255 East Temple Street, Los Angeles, California 90012, the Honorable Barry Russell, United States Bankruptcy Judge, will conduct a hearing on the motion (the "Motion"), pursuant to Fed.R.Bankr.P. 2004 and L.B.R. 2004-1, to require the production of documents by and the examination under oath of Susan H. Tregub ("Tregub"), individually and as a custodian of records and managing agent of the Law Office of Susan H. Tregub, which Motion is being made by Ronald L. Durkin, the chapter 11 interim trustee (the "Interim Trustee") of the bankruptcy estate of the alleged debtors (the "Alleged Debtors") in the following five bankruptcy cases (collectively, the "Involuntary Cases"):  **(1)** *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; **(2)** *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; **(3)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(4)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(5)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.   By the Motion, and identical motions in each of the other Involuntary Cases, the Interim Trustee seeks an order which provides that:

      **A.**     Tregub, for herself and in her capacity as a custodian of records and managing agent of the Law Office of Susan H. Tregub, shall produce for inspection and copying by the Interim Trustee the documents and things described in **Exhibit A** at 10:00 a.m. on July 23, 2010, at the offices of Gumport | Mastan, 550 South Hope Street, Suite 825, Los Angeles, California 90071 (the "G|M Offices").

**B.**   Tregub, for herself and in her capacity as a custodian of records and managing agent of the Law Office of Susan H. Tregub, shall appear for and submit to a sworn examination by the Interim Trustee pursuant to Fed.R.Bankr.P. 2004 and L.B.R. 2004-1, at the G|M Offices, before a notary public or some other person authorized to administer oaths, beginning at 10:00 a.m. on July 23, 2010 and continuing during business hours from day to day (not including Saturdays, Sundays, and legal holidays) until completed.

**C.**   The scope of the examination shall be:  **(1)** the production, authenticity, location, maintenance, loss, alteration, and/or destruction of any of the records (including computer files) of the Alleged Debtors' assets, liabilities, and financial affairs listed on **Exhibit A**; and **(2)** the transfer of money between accounts in Tregub's name (including but not limited to Tregub's client trust account) and the Alleged Debtors.

**D.**   David Bergstein, Ronald N. Tutor, and their respective counsel, shall be entitled to attend and participate in the examination.

**E.**   Prior to the commencement of the examination, the Interim Trustee shall file a proof of service of a subpoena pursuant to Fed.R.Bankr.P. 9016 and Fed.R.Civ.P. 45.

**NOTICE IS FURTHER GIVEN** that Tregub's address is 17554 Weddington Street, Encino, California 91316.  Tregub's counsel is Hayes F. Michel, Esq. of Baker & Hofstedler, 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025.  The business address of Bergstein and the Alleged Debtors is 10960 Wilshire Boulevard, Suite 700, Los Angeles, California 90024.

**NOTICE IS FURTHER GIVEN** that the Motion is made on the grounds that:
**(1)** the requested examination and documents will aid the Interim Trustee in ascertaining and protecting the assets and records of the Alleged Debtors, all of whom are affiliated entities that are managed and/or controlled by Bergstein; **(2)** pursuant to L.B.R. 2004-1(a), the Interim Trustee's counsel has conferred with Tregub concerning a proposed Rule 2004 examination;

F:\CLIENTS\Thinkfilm\Pleadings\Tregub Rule 2004.Motion.Capitol.wpd

1  and she is willing to appear for a Rule 2004 examination; and **(3)** this matter cannot proceed

2  under Fed.R.Bankr.P. 7030 or 9014 because there is no pending adversary proceeding or

3  contested matter in which the Interim Trustee is a party.

4      **NOTICE IS FURTHER GIVEN** that the Motion is being filed with the Court at the

5  address set forth below and is available for public inspection.  Any party-in-interest may

6  obtain a complete copy of the Motion, including the Memorandum of Points and Authorities,

7  Declarations of Ronald L. Durkin, Daniel P. Dehner, Leonard L. Gumport, and Andrew S.

8  Rotter, the Request To Take Judicial Notice, the Supplemental Request To Take Judicial

9  Notice, and the exhibits at that party's own expense from the Court's file or by contacting

10  Travis M. Terry ("Terry"), at Gumport | Mastan, 550 South Hope Street, Suite 825, Los

11  Angeles, California 90071; 213-452-4900; or *travis@gumportlaw.com.*

12      **NOTICE IS FURTHER GIVEN** that, by contacting Terry, any party-in-interest may

13  also request a computer-imaged copy of the complete Motion by email provided that the

14  request includes a return email address and states the requesting party's full name and mailing

15  address.

16      **NOTICE IS FURTHER GIVEN** that, a motion for a protective order may be filed if

17  grounds therefor exist under Fed.R.Bankr.P. 7026 and Fed.R.Civ.P. 26(c).  Pursuant to the

18  Court's instruction:  **(a)** a formal motion for a protective order, if any, must be filed and

19  served at least 21 days before July 20, 2010, and **(b)** shall be set for hearing on regular notice

20  on the 10:00 a.m. calendar on July 20, 2010.  Such a motion for a protective order must be

21  filed with the Court and served on the Interim Trustee and the Office of the United States

22  Trustee as follows:

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

| | |
|---|---|
| 1 | **For Filing with the Court:** |
| | Clerk's Office |
| 2 | United States Bankruptcy Court |
| | 255 East Temple Street |
| 3 | Los Angeles, California  90012 |

For Service on the U.S. Trustee:
c/o Russell Clementson, Esq.
Office of the United States Trustee
725 South Figueroa Street, Suite 2600
Los Angeles, California  90017

4

**For Service on the Interim Trustee:**
5  Ronald L. Durkin, Interim Trustee
c/o Andrew S. Rotter, Esq.
6  Gumport | Mastan
550 South Hope Street, Suite 825
7  Los Angeles, California  90071

8        **NOTICE IS FURTHER GIVEN that failure to file and serve the motion for a**

9  **protective order and to set it for hearing on the 10:00 a.m. calendar on July 20, 2010**

10  **may be regarded by the Court as consent to granting the Motion and as a waiver of any**

11  **basis for a protective order.**

12

13  Dated: June 10, 2010                    Respectfully submitted,

14                                          GUMPORT | MASTAN

15

16                                          By: *Andrew S. Rotter*
                                                _____

17                                               Andrew S. Rotter
                                            Proposed Attorneys for Ronald L. Durkin,
                                            Interim Chapter 11 Trustee
18                                          (Employment application is pending.)

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

II.   **SUMMARY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

III.  **FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

    **A.**    Bergstein, Tutor, R2D2, and CT1 . . . . . . . . . . . . . . . . . . . . . . . . .  6

    **B.**    Financing of CT1's Motion Picture Business . . . . . . . . . . . . . . . . . . . . .  7

    **C.**    August 2009:  Recording of the Bill of Sale from ThinkFilm to Orange
        Holdings; Transfer of Assets to TFC Library; and LAAC's Liens . . . . . . . . . .  8

    **D.**    November 2, 2009:  The Zwirn Complaint . . . . . . . . . . . . . . . . . . . . . . .  9

    **E.**    March 17, 2010:  Involuntary Bankruptcy Petitions . . . . . . . . . . . . . . . . .  10

    **F.**    March 18, 2010:  Declarations Filed by the Petitioning Creditors . . . . . . . . .  10

    **G.**    The March 23, 2010 Declaration Filed by Bergstein . . . . . . . . . . . . . . . . .  10

    **H.**    March 25, 2010:  Tutor, Bergstein & Alleged Debtors Sue Tregub . . . . . . . .  11

    **I.**    March 31-April 15, 2010:  Appointment of the Interim Trustee . . . . . . . . . . .  11

    **J.**    The April 13, 2010 Meeting with Bergstein at the Suite 700 Office . . . . . . . .  11

    **K.**    April 27, 2010:  Tutor and Bergstein
        Cause Alleged Debtors to Sue Zwirn . . . . . . . . . . . . . . . . . . . . . . . . .  12

    **L.**    The May 3, 2010 Meeting with Bergstein . . . . . . . . . . . . . . . . . . . . . . .  12

    **M.**    Post-May 3, 2010:  Bergstein and Biedak Refuse to Provide
        Voluntary Rule 2004 Exams; Bergstein Again Suspends Access;
        and Bergstein Fails to Provide Promised Inventory . . . . . . . . . . . . . . . . .  13

    **N.**    May 6, 2010:  Dances With Wolves Productions Alleges
        Diversion of Film Revenues by a Bergstein Affiliate . . . . . . . . . . . . . . . . .  14

    **O.**    May 13-14, 2010:  Tutor's Refusal To Provide Rule 2004 Examination . . . .  14

    **P.**    May 25, 2010:  Lack of Cooperation by Bergstein and Barnes . . . . . . . . . . .  14

    **Q.**    Request to Tregub . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

IV.   **THE REQUESTED FED.R.BANKR.P.
      2004 ORDER SHOULD BE GRANTED** . . . . . . . . . . . . . . . . . . . .  15

V.    **ALL PROCEDURAL REQUIREMENTS ARE SATISFIED** . . . . . . . . . . . . . .  16

VI.   **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

i

1

## TABLE OF CONTENTS (cont'd.)

2

3  **SUPPLEMENTAL DECLARATION OF LEONARD L. GUMPORT** . . . . . . . . . . . . .  18

4  **DECLARATION OF ANDREW S. ROTTER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

5  **EXHIBIT A:  DOCUMENTS AND THINGS TO BE PRODUCED** . . . . . . . . . . . . . .  20

6  **EXHIBIT 27 : NOTICE OF FILING MOTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

**Page**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Dynamic Finance Corp. v. Kipperman (In re North Plaza),*
  395 B.R. 113 (S.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Buick,*
  174 B.R. 299 (Bankr. D. Colo. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Dinubilo,*
  177 B.R. 932 (E.D. Cal. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Lufkin,*
  255 B.R. 204 (Bankr. E.D. Tenn. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## RULES

Fed.R.Bankr.P. 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 18

Fed.R.Bankr.P. 2004(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed.R.Bankr.P. 2004(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Fed.R.Bankr.P. 7026 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed.R.Bankr.P. 7030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 16-17

Fed.R.Bankr.P. 9014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6-17

Fed.R.Bankr.P. 9016 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed.R.Civ.P. 26(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed.R.Civ.P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Local Bankruptcy Rule 2004(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Local Bankruptcy Rule 2004-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Local Bankruptcy Rule 2004-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Local Bankruptcy Rule 2004-1(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This memorandum of points and authorities is submitted by the Interim Trustee in support of his motion for a Rule 2004 order requiring testimony of and production of documents and things by Susan H. Tregub ("Tregub"), individually and as custodian of records and managing agent of the Law Office of Susan H. Tregub.

The Interim Trustee is Ronald L. Durkin, who is the chapter 11 interim trustee in the following five bankruptcy cases (collectively, the "Involuntary Cases"):  **(1)** *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; **(2)** *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; **(3)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(4)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(5)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.

The alleged debtors (the "Alleged Debtors") in the Involuntary Cases are five affiliated companies that were directly or indirectly co-owned by David R. Bergstein ("Bergstein") and Ronald N. Tutor ("Tutor") from November 2002 to January 2009 and thereafter purportedly directly or indirectly wholly-owned by Bergstein.  The Alleged Debtors are:  **(1)** R2D2 LLC ("R2D2"), **(2)** CT1 Holdings LLC ("CT1"), **(3)** Capco Group LLC ("Capco"), **(4)** Capitol Films Development LLC ("CFD") and **(5)** ThinkFilm LLC ("ThinkFilm").

The motion is based on the previously and/or concurrently filed declarations of:  **(1)** Ronald L. Durkin, the Interim Trustee, **(2)** Daniel Dehner of Durkin Forensic, Inc. ("DFI"), the Interim Trustee's accounting firm (employment application pending), **(3)** Leonard L. Gumport of the Gumport | Mastan ("G|M"), the Interim Trustee's counsel (employment application pending), and Andrew S. Rotter of G|M.  The Motion is also based on the previously filed Request To Take Judicial Notice ("RJN") and the concurrently filed Supplemental Request To Take Judicial Notice (the "Supp. RJN").

### II.    SUMMARY

The Interim Trustee cannot safeguard the assets of the Alleged Debtors' bankruptcy estates unless he knows what those assets are.  Tregub is a former lawyer for the Alleged

1    Debtors. Millions of dollars flowed between accounts in Tregub's name (including her client

2    trust account) and the Alleged Debtors. Tregub has client files of the Alleged Debtors and

3    access to records showing the sources and uses of that money. Tregub also acted as the

4    manager of Orange Holdings, LLC ("Orange Holdings"), an entity to which one of the

5    Alleged Debtors (i.e., ThinkFilm) and several of its affiliates purported to transfer rights to

6    and interests in motion pictures less than two years prior to the Involuntary Cases.

7        By this Rule 2004 motion, the Interim Trustee seeks records showing the sources and

8    uses of the millions of dollars that flowed between the Alleged Debtors and one or more bank

9    accounts in Tregub's name.

10        The Alleged Debtors' current and/or former principals, Bergstein and Tutor are

11    currently suing Tregub and have caused the Alleged Debtors to sue Tregub. The Interim

12    Trustee is not a party to that lawsuit. Indeed, it would be unwise for the Interim Trustee to

13    join in that lawsuit without investigating whether it has merit.

14        In their pending lawsuit against Tregub, Bergstein and Tutor seek to prevent Tregub

15    from disclosing purportedly confidential information. However, Bergstein and Tutor are not

16    entitled to conceal the bank records showing the sources and uses of funds sent to and from

17    Tregub's accounts. Any other rule would turn attorney client trust accounts into vehicles for

18    concealing the true nature of financial transactions.

19    **III.    FACTS**

20        **A.    Bergstein, Tutor, R2D2, and CT1**

21        Beginning in November 2002, Bergstein and Tutor were each 50% owners of R2D2,

22    LLC, a California limited liability company. RJN ¶ 8 and Ex. 6 (R2D2 Operating Agreement,

23    pp. 1-2. R2D2 directly or indirectly owns CT1, Capco, CFD, and ThinkFilm; and Bergstein is

24    a manager of R2D2, CT1, Capco Group, and CFD. RJN, ¶ 7 and Ex. 5 (3/23/10 Bergstein

25    Decl., ¶ 1); Durkin Decl., ¶ 6; Gumport Decl., ¶ 4.

26        According to Bergstein, the Alleged Debtors were part of an enterprise controlled by

27    Bergstein that "handles" $500,000,000 in funds, much of them belonging to third parties. Ex.

28    / / /

F:\CLIENTS\Thinkfilm\Pleadings\Tregub Rule 2004.Motion.Capitol.wpd

1 | 5 (3/23/10 Bergstein Decl., ¶ 2).  As recently as April 2010, Bergstein and Tutor described

2 | CT1 and its subsidiaries as follows:

3 | > CT1 and its subsidiaries have financed, produced, and/or distributed over
4 | > 1,300 films.  Among the wide range and genres of motion pictures in
  | > CT1's library are the critically-acclaimed Robert Altman films *Gosford*
5 | > *Park, Prairie Home Companion,* and *The Company; Adaptation,* starring
  | > Meryl Streep, Nicholas Cage and Chris Cooper, which won Golden
6 | > Globe and Academy Awards; Jennifer Lopez' *The Wedding Planner* and
  | > *Bordertown*; action films such as *Point Break* and *Terminator 3*; and
7 | > thrillers such as *Lucky No. Slevin* and *Spartan.*

8 | RJN, ¶ 11 and Ex. 9 (Bergstein/Tutor Comp., ¶ 12).

9 | According to Bergstein, CT1 currently conducts its film distribution "primarily"

10 | through three entities:  **(1)** ThinkFilm, **(2)** a subsidiary of CFD named Capitol Films Ltd. UK

11 | and **(3)** Pangea Media Group LLC ("Pangea").  Ex. 5 (3/23/10 Bergstein Decl., ¶ 8).

12 | Bergstein also maintains that the current payroll of R2D2, CT1, Capco, and CFD is

13 | paid through a company named Managed Media Services, which "serves the centralized

14 | 'G&A' function."  Ex. 5 (3/23/10 Bergstein Decl., ¶ 4).  In addition, Bergstein alleges that

15 | Pangea "was formed in late 2008" and "took over the sales function as to all of the CT1

16 | libraries."  Ex. 5 (3/23/10 Bergstein Decl., ¶ 13).

17 | **B.    Financing of CT1's Motion Picture Business**

18 | According to Bergstein and Tutor, the motion picture business of CT1 requires third

19 | party financing.  In a Complaint filed by Bergstein, Tutor, CT1 and others, they alleged:

20 | > In order to make, acquire, and distribute motion pictures, CT1 has
  | > required and obtained financing from third party lenders.  The
21 | > procurement of third party financing is standard practice in the motion
  | > picture industry and is the way both independent film companies and
22 | > large studios obtain the necessary capital for their production and
  | > operations.  CT1 (and motion picture companies in general) must
23 | > continually obtain financing in order to operate.

24 | Ex. 9 (Bergstein/Tutor Comp., ¶ 12).  Beginning no later than December 2005, D.B. Zwirn

25 | Special Opportunities Fund, LLC ("Zwirn") (formerly known as D.B. Zwirn Special

26 | Opportunities Fund, L.P.) and related entities loaned tens of millions of dollars to, or

27 | guaranteed by, one or more of the Alleged Debtors.  RJN, ¶ 10 and Ex. 8 (Zwirn Comp.); Ex.

28 | 9 (Bergstein/Tutor Comp., ¶¶ 15-18).

F:\CLIENTS\Thinkfilm\Pleadings\Tregub Rule 2004.Motion.Capitol.wpd

1      **C.**      **August 2009:  Recording of the Bill of Sale from ThinkFilm to Orange**

2           **Holdings; Transfer of Assets to TFC Library; and LAAC's Liens**

3      As described above, on April 27, 2010, Tutor and Bergstein purported to describe films

4 "in" CT1's library. Ex. 9, ¶ 12.  According to Bergstein, however, substantially all of the

5 Alleged Debtors' assets were transferred prior to 2010 to one or more non-debtor entities that

6 are owned or controlled by Tutor and/or Bergstein.  The name of the transferee appears to be

7 TFC Library, LLC ("TFC Library"); and Library Asset Acquisition Company Ltd. ("LAAC")

8 purportedly acquired a lien against these assets. Ex. 5 (3/23/10 Bergstein Decl., ¶¶ 7, 24);

9 Durkin Decl., ¶ 6; Gumport Decl., ¶ 4.

10      A pre-bankruptcy Bill of Sale recorded in August 2009 at the United States Copyright

11 Office reflects that ThinkFilm (one of the Alleged Debtors) and several of its affiliates (also

12 managed by Bergstein) purported to transfer copyrights to hundreds of films to Orange

13 Holdings. RJN, ¶ 13 and Ex. 11 (Bill of Sale).  The Bill of Sale recites that Tregub is the

14 manager of Orange Holdings. Ex. 11, p. 000165.

15      Although the recorded Bill of Sale identifies Orange Holdings as the purchaser,

16 Bergstein testified that the transferee of ThinkFilm's film licenses was TFC Library.  Ex. 5

17 (3/23/10 Bergstein Decl., ¶ 7).  Therefore, it appears that TFC Library is the successor to or

18 the same entity as Orange Holdings.  In his Declaration, Bergstein did not explain the reason

19 for the name change. *See id.*

20      Nor did Bergstein explain the disparity between the "as of" date of the Bill of Sale and

21 the date on which it was recorded in the United States Copyright Office.  The Bill of Sale is

22 dated "as of" October 24, 2008 (Ex. 11, p. 000163); but it was not recorded until August 4,

23 2009, almost 10 months later (Ex. 11, p. 000161).  A substantial discrepancy between the "as

24 of" date of a transaction and its actual recording raise questions about the accuracy of the "as

25 of" date.

26      According to Bergstein, TFC Library acquired the rights to ThinkFilm's assets by

27 agreeing to pay a loan of approximately $24.5 million from Zwirn. Ex. 5 (3/23/10 Bergstein

28 Decl., ¶ 7).  Bergstein's declaration does not reveal how much value has been extracted from

1  those assets since their transfer to TFC Library. *See id*. Bergstein also testified that LAAC

2  acquired Zwirn's liens against "the film collateral held by TFC Library" by paying $45

3  million to Zwirn during March-May 2009. *Id.*, ¶ 24. But Bergstein's declaration does not

4  explain how it came to pass that Zwirn is currently suing Bergstein and Tutor for alleged non-

5  performance of guarantees of loans made by Zwirn. *Compare* Ex. 5 (3/23/10 Bergstein Decl.,

6  ¶ 7) *with* Ex. 8 (Zwirn Comp.).

7       Elsewhere, Bergstein and Tutor are suing Zwirn for usury, among other things. Ex. 9

8  (Bergsten/Tutor Comp.). Bergstein's declaration also does not explain or discuss whether the

9  assets transferred by ThinkFilm to Orange Holdings/TFC Library for repayment and/or

10  purchase of a $24.5 million (or $45 million) loan from Zwirn were also tainted by the usury of

11  which Bergstein and Tutor accuse Zwirn.

12       Bergstein testified that Tregub was his attorney. Ex. 5 (Bergstein Decl., ¶ 25). Tutor

13  has also alleged that Tregub was Tutor's counsel, as reflected by the "Notice of Removal"

14  filed by Tregub in Adv. No. 2:10-ap-01651-BR on April 5, 2010. Supp. RJN, ¶ 4 and Ex. 26

15  (Ex. A thereto, ¶¶ 28-29). Millions of dollars were transferred between accounts of the

16  Alleged Debtors and Tregub's accounts (including her client trust account); however, the

17  records produced by the Alleged Debtors do not explain (and may not identify) all of these

18  transactions. Dehner Decl., ¶ 12 and Ex. 18 (schedule of transfers).

19      **D.**    **November 2, 2009:  The Zwirn Complaint**

20       On November 2, 2009, shortly after the Bill of Sale was recorded, Zwirn and other

21  lenders filed a Complaint against Bergstein and Tutor. Ex. 8 (Zwirn Comp.). Zwirn's

22  Complaint alleged that Bergstein and Tutor had failed to perform their obligations as

23  guarantors of tens of millions of dollars of loans made by Zwirn to finance the production and

24  acquisition of motion picture rights by various companies, including $51 million loaned to

25  CT1. *Id.*, ¶¶ 1-5).

26       According to Zwirn, the events of default that occurred with respect to the $51 million

27  CT1 loan included, among other things, CT1's failure to repay the principal amount of the

28  loan on May 29, 2009, and its failure to deliver Tutor's financial statements confirming that

9.

1  he had a "Minimum Net Worth of not less than $800,000,000 for the quarters ending March

2  31, 2008 and thereafter." Ex. 8 (Zwirn Comp., ¶ 24).

3       Zwirn further alleges that it delivered demands to Bergstein and Tutor for repayments

4  of not less than $55 million on the CT1 Loan in September 2009.  Ex. 8, (Zwirn Comp., ¶¶

5  27-28).

6       **E.      March 17, 2010:  Involuntary Bankruptcy Petitions**

7       On March 17, 2010, creditors filed involuntary bankruptcy petitions under chapter 11

8  against each of the Alleged Debtors. RJN, ¶ 1.

9       **F.      March 18, 2010:  Declarations Filed by the Petitioning Creditors**

10      On March 18, 2010, the petitioning creditors filed emergency motions for the

11  appointment of an interim trustee in each of the Involuntary Cases. RJN, ¶ 2. The

12  declarations filed in support of those emergency motions included declarations from Hans

13  Turner, Roger Gertz, Jeffrey Gaul, and Henry Lan. RJN, ¶¶ 3-6 and Exs. 1-4. Certain of

14  these declarations included allegations that:  **(1)** the Alleged Debtors had inadequate

15  accounting records; and **(2)** Bergstein relied on his assistant, Frymi Biedak ("Biedak") to

16  perform "basic bookkeeping functions." *See e.g.*, Ex. 1 (3/18/10 Turner Decl., ¶ 3), Ex. 2

17  (3/18/10 Gertz Decl., ¶ 3).

18      **G.      The March 23, 2010 Declaration Filed by Bergstein**

19      On March 23, 2010, Bergstein filed a declaration in opposition to the emergency

20  motions of the petitioning creditors.  Bergstein stated that **(1)** he was "an" owner and manager

21  of R2D2; **(2)** he was a manager of CT1, Capco, and CFD; and **(3)** the Alleged Debtors were

22  "operating companies and holding companies" that were part of a "large group of affiliates"

23  that "handles funds in the range of $500,000,000 annually, much of it owed to or claimed by

24  numerous third persons." Ex. 5 (3/23/10 Bergstein Decl., ¶ 2).

25      Bergstein further testified that the Alleged Debtors (other than ThinkFilm) were

26  generally paying their debts as they fell due.   Ex. 5 (3/23/10 Bergstein Decl., ¶ 4).

27      Limited bank records subsequently produced to the Interim Trustee by the Alleged

28  Debtors reflect that, at the time Bergstein filed this declaration, the Alleged Debtors may have

F:\CLIENTS\Thinkfilm\Pleadings\Tregub Rule 2004.Motion.Capitol.wpd

1  had less than $5,000 in their bank accounts. Supp. Dehner Decl., ¶ 3 and Ex. 25. The

2  combined account balances for the Alleged Debtors during December 2009-May 2010 appear

3  to have been as follows: **(1)** $13,031.72 on December 31, 2009, **(2)** $2,965.91 on January 31,

4  2010, **(3)** $3,354.55 on February 28, 2010, **(4)** $4,607.02 on March 31, 2010, and **(5)**

5  $4,391.12 on May 5, 2010. *Id.*

6     **H.     March 25, 2010: Tutor, Bergstein & Alleged Debtors Sue Tregub**

7         On March 25, 2010, Tutor, Bergstein, the Alleged Debtors, and other of their affiliates

8  filed a Complaint against Tregub in the Los Angeles Superior Court. Subsequently, Tregub

9  attempted to remove that Complaint to this Court by filing a "Notice of Removal" in Adv. No.

10 2:10-ap-01651-BR. Ex. 26 ("Notice of Removal"). In that Complaint, Tutor, Bergstein, and

11 the Alleged Debtors (among others) alleged that Tregub had breached her fiduciary

12 obligations to keep unspecified information secret. *Id.*, (Complaint). As mentioned, millions

13 of dollars have flowed between Tregub's accounts (including her client trust account) and

14 accounts of the Alleged Debtors. Ex. 18 (schedule of transfers).

15    **I.     March 31-April 15, 2010: Appointment of the Interim Trustee**

16        On March 31, 2010, in each of the Involuntary Cases, the Court ordered the

17 appointment of an interim trustee for each of the Alleged Debtors. RJN, ¶ 2. On or about

18 April 9, 2010, in each of the Involuntary Cases, the Office of the United States Trustee (the

19 "OUST") filed applications for the Court to approve the appointment of Mr. Durkin as the

20 chapter 11 interim trustee of each of the Alleged Debtors' bankruptcy estates. Durkin Decl., ¶

21 3. Those applications were granted by orders entered on April 15, 2010. *Id.*; RJN, ¶ 2.

22    **J.     The April 13, 2010 Meeting with Bergstein at the Suite 700 Office**

23        On April 13, 2010, two days before the orders approving the OUST's applications to

24 appoint Mr. Durkin as the Interim Trustee were entered, Mr. Durkin met with Bergstein at

25 Bergsten's office at 10960 Wilshire Boulevard, Suite 700, Los Angeles, California (the "Suite

26 700 Office"). Durkin Decl., ¶ 5; Gumport Decl., ¶ 3.

27        No longer did Bergstein portray any of the Alleged Debtors as "operating companies"

28 or as part of an affiliated group handling $500,000,000 in funds. Instead, he presented a

1 | different scenario.  At the April 13 meeting, Bergstein portrayed the Alleged Debtors as

2 | essentially defunct, having no employees, no payroll, no operations, and no disclosed assets.

3 | According to Bergstein, the Alleged Debtors had transferred their assets to one or more non-

4 | debtor affiliates, subject to more than $40 million in liens; and collectively, they had

5 | approximately $5,000 in the bank.  Durkin Decl., ¶ 6; Gumport Decl., ¶ 4.

6 | During the April 13 meeting, Bergstein gave Mr. Durkin a tour of the Suite 700 Office.

7 | There were at least ten people in the office, but Bergstein stated that they were not employed

8 | by any of the Alleged Debtors.  However, one of those persons stated that, in fact, he believed

9 | that he was employed by one of the Alleged Debtors.  Durkin Decl., ¶ 7.

10 | Bergstein also stated that the Suite 700 Office was not leased by any of the Alleged

11 | Debtors, but was instead leased by a company named Pangea.  Durkin Decl., ¶ 7.

12 | **K.**     **April 27, 2010: Tutor and Bergstein Cause Alleged Debtors to Sue Zwirn**

13 | On April 27, 2010, Bergstein and Tutor filed a Complaint against Zwirn.  Ex. 9

14 | (Bergstein/Tutor Comp.).  In that Complaint, Bergstein and Tutor alleged, among other things,

15 | that Zwirn's loans to various entities (which were guaranteed by Bergstein and Tutor) were

16 | usurious, illegal and unenforceable.  Ex. 9 (Bergstein/Tutor Comp., ¶¶ 62, 66-68, 74).

17 | Tutor and Bergstein included as co-plaintiffs in that Complaint four of the Alleged

18 | Debtors (R2D2, CT1, Capco, and ThinkFilm).  Ex. 9, pp. 1-4.  Bergstein did not ask the

19 | permission of the Interim Trustee to file post-appointment lawsuits on behalf of the Alleged

20 | Debtors.  Durkin Decl., ¶ 12.

21 | **L.**     **The May 3, 2010 Meeting with Bergstein**

22 | On May 3, 2010, the Interim Trustee and his counsel met with Bergstein.  Durkin

23 | Decl., ¶ 13; Gumport Decl., ¶ 7.  At this meeting, Bergstein stated:

24 |     **(a)**     Bergstein did not have tax returns for any of the Alleged Debtors,

25 |     believed that they had not filed returns during the past two years, and thought

26 |     that maybe some returns had been filed.

27 |     **(b)**     Bergstein had not filed personal tax returns for the past three years

28 |     and was now unable to get an extension of time to file his tax returns.

1      **(c)**    The Interim Trustee would not be allowed by Bergstein to image

2  the computers of Bergstein and Biedak.

3      **(d)**    Bergstein would provide a written inventory of the Alleged

4  Debtors' assets, including their records and possible lawsuits in which they were

5  involved.

6      **(e)**    Bergstein would provide records reflecting that substantially all of

7  the assets of the Alleged Debtors had been transferred to a non-debtor affiliate

8  substantially prior to the filing of the Involuntary Cases.

9      **(f)**    The non-debtor affiliate that had title to the transferred assets of

10  the Alleged Debtors' assets was directly or indirectly owned by Bergstein and

11  Tutor; and Bergstein's interest was pledged in favor of Tutor.

12  Durkin Decl., ¶ 13; Gumport Decl., ¶ 7.

13  **M.**    **Post-May 3, 2010:  Bergstein and Biedak Refuse to Provide Voluntary Rule**

14        **2004 Exams; Bergstein Again Suspends Access; and Bergstein Fails to**

15        **Provide Promised Inventory**

16  After the May 3rd meeting, and through the filing of a Rule 2004 motion on May 25,

17  2010, Bergstein still had not provided a written inventory of the records and assets of the

18  Alleged Debtors.  Dehner Decl., ¶ 9; Durkin Decl., ¶¶ 14-15.

19  After the May 3 meeting, Bergstein purported to offer cooperation, including access to

20  his and Biedak's computers, but Bergstein always conditioned access to those computers on

21  the Interim Trustee's making commitments concerning how he would administer assets and

22  records that Bergstein had refused to disclose or turn over.  *See* Dehner Decl., ¶¶ 7-9; Durkin

23  Decl., ¶ 16; Gumport Decl., ¶ 8 and Ex. 19 (email thread).

24  Despite many emails from Bergstein proposing conditional cooperation, the end result

25  was and is that Bergstein has withheld any imaging of his and Biedak's computers.  Bergstein

26  sought to withhold information while demanding commitments from the Interim Trustee

27  about the administration of the estates.  *See* Dehner Decl., ¶¶ 7-9; Durkin Decl., ¶ 16;

28  Gumport Decl., ¶ 8 and Ex. 19 (email thread).

1    Bergstein took the same approach with respect to providing sworn information to the

2    Interim Trustee. Bergstein and his counsel insisted on bargaining about the timing and

3    conditions under which Bergstein and Biedak would provide Rule 2004 examinations. If the

4    Interim Trustee made commitments acceptable to Bergstein concerning the administration of

5    the Alleged Debtors' estates, including undisclosed assets, then Bergstein would provide

6    cooperation; otherwise, he would not do so. The end result was that Bergstein and Biedak

7    have not made and did not make themselves available for Rule 2004 examinations on a

8    voluntary basis. *See* Gumport Decl., ¶ 8 and Ex. 19 (email thread).

9    **N.    May 6, 2010:  Dances With Wolves Productions Alleges Diversion of Film**

10    **Revenues by a Bergstein Affiliate**

11    On May 6, 2010, Dances With Wolves Productions Inc. filed a Complaint against a

12    Bergstein affiliate named R Media Acquisitions, LLC. In that Complaint, the plaintiff alleged

13    that, under Bergstein's management, film revenues from the motion picture *Dances With*

14    *Wolves* had been diverted during a state court receivership. RJN, ¶ 12 and Ex. 10 (Dances

15    With Wolves Comp.).

16    **O.    May 13-14, 2010:  Tutor's Refusal To Provide Rule 2004 Examination**

17    R2D2 is one of the Alleged Debtors. Until at least January 2009, R2D2 was co-owned

18    by Bergstein and Tutor. Ex. 6 (R2D2 Operating Agreement); Gumport Decl., ¶ 9 and Ex. 21

19    (Membership Interest Purchase Agreement).

20    During May 2010, while R2D2's co-owner, Bergstein, withheld records and failed to

21    provide a voluntary Rule 2004 examination, Tutor also refused to provide a voluntary Rule

22    2004 examination. Gumport Decl., ¶ 9 and Ex. 20 (email thread).

23    **P.    May 25, 2010:  Lack of Cooperation by Bergstein and Barnes**

24    Through May 25, 2010, Bergstein continued to refuse to produce himself for an

25    immediate Rule 2004 examination and denied the Interim Trustee access to files of the

26    Alleged Debtors on the office computers of Bergstein and his bookkeeper, Biedak.

27    / / /

28    / / /

1    Similarly, Michael Barnes, Esq., an attorney for one or more of the Alleged Debtors,

2    failed to turn over any client files of the Alleged Debtors, despite being requested to do so.

3    Gumport Decl., ¶ 11 and Ex. 23.

4    **Q.    Request to Tregub**

5    The Interim Trustee has asked Tregub to provide a Rule 2004 examination.  Tregub

6    does not oppose a Rule 2004 examination.  Gumport Decl., ¶ 10; Supp. Gumport Decl., ¶ 2.

7    **IV.    THE REQUESTED FED.R.BANKR.P. 2004 ORDER SHOULD BE GRANTED**

8    There is good cause to grant the requested Rule 2004 order so that the Interim Trustee

9    can ascertain and safeguard the Alleged Debtors' assets and the records of those assets.

10    Fed.R.Bankr.P. 2004(a) provides: "On motion of any party in interest, the court may

11    order the examination of any entity."  Fed.R.Bankr.P. 2004(b) provides that a Rule 2004

12    examination "may relate only to the acts, conduct, or property or to the liabilities and financial

13    condition of the debtor, or to any matter which may affect the administration of the debtor's

14    estate. . . ."  "[I]t is well-settled that Rule 2004 discovery enjoys a broad scope, regardless of

15    any background state law issues." *Dynamic Finance Corp. v. Kipperman (In re North Plaza)*,

16    395 B.R. 113, 122 (S.D. Cal. 2008).  "The scope of a Rule 2004 examination is extremely

17    broad and has often been likened to a lawful 'fishing expedition.'" *In re Lufkin*, 255 B.R. 204,

18    209 (Bankr. E.D. Tenn. 2000).

19    "The purpose of a Rule 2004 examination is to determine the condition, extent, and

20    location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re*

21    *Lufkin*, 255 B.R. at 208.  "Rule 2004 may be used to search for assets which have been

22    intentionally or unintentionally concealed." *Id.* (citation omitted); *see In re Dinubilo*, 177

23    B.R. 932, 940 (E.D. Cal. 1993) ("The purpose is to allow inquiry in the debtor's acts, conduct

24    or financial affairs so as to discover the existence or location of assets of the estate").

25    The Interim Trustee cannot safeguard the Alleged Debtors' assets without knowing

26    what those assets are.  Questions meriting investigation are raised by the contrast between

27    Bergstein's March 23, 2010 declaration to the Court in the Involuntary Cases and his April 13

28    and May 3 unsworn oral statements to the Interim Trustee.

F:\CLIENTS\Thinkfilm\Pleadings\Tregub Rule 2004.Motion.Capitol.wpd

**(1)** On March 23, 2010, Bergstein filed a declaration purporting to describe the Alleged Debtors as "operating companies and holding companies" that are part of an "affiliated enterprise" of "a large group of affiliates" that "handles funds in the range of $500,000,000 annually, much of it owed to or claimed by numerous third persons." Ex. 5 (3/23/10 Bergstein Decl.,¶¶ 2-3).

**(2)** However, after the Court approved the appointment of an interim trustee, Bergstein told a different story. According to Bergstein's unsworn oral interviews on April 13 and May 3, 2010, the Alleged Debtors currently have no payroll or employees and cumulatively have approximately $5,000 or less in the bank. Durkin Decl., ¶ 6; Gumport Decl., ¶ 4.

The Interim Trustee seeks only information within the scope of Rule 2004(b). Specifically, the Interim Trustee seeks bank records showing the sources and uses of funds that flowed between accounts in Tregub's name and accounts in the names of the Alleged Debtors. The bank records showing the sources and uses of those funds of the Alleged Debtors contain critical financial information that the Interim Trustee is entitled to know. The Trustee also seeks written communications about the Alleged Debtors between Tregub and specified third parties who were not Tregub's clients. A trustee, whether interim or permanent, would not be able to function if not permitted to obtain Rule 2004 orders requiring persons with knowledge to produce records and provide testimony concerning the assets to be safeguarded by the trustee.

## V.    ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

The Interim Trustee conferred with Tregub and her counsel. As discussed above, Tregub is willing to provide a Rule 2004 examination. Gumport Decl., ¶ 10; Supp. Gumport Decl., ¶ 2. But she has requested that the Interim Trustee obtain an Order for the production of her records, including those of her client trust account insofar as they relate to the Alleged Debtors. Supp. Gumport Decl., ¶ 2.

The Interim Trustee's examination of Tregub cannot proceed under Fed.R.Bankr.P. 7030 or 9014 because the Interim Trustee is not a party to any pending adversary proceeding

1  or contested matter.  Gumport Decl., ¶ 12.  *See In re Buick*, 174 B.R. 299, 305 (Bankr. D.

2  Colo. 1994) ("Thus, even after the trustee has commenced adversary proceeding(s), the trustee

3  may conduct Rule 2004 examinations of entities which are not parties to or are not affected by

4  the pending adversary proceeding(s)").

5       Tregub's business address is 17554 Weddington Street, Encino, California 91316.

6  Rotter Decl., ¶ 2.  Her counsel is Hayes F. Michel, Esq. of Baker & Hofstedler, 12100

7  Wilshire Boulevard, 15th Floor, Los Angeles, California 90025.  The business address of

8  Bergstein and the Alleged Debtors is 10960 Wilshire Boulevard, Suite 700, Los Angeles,

9  California.

10      As required by L.B.R. 2004-1(c), a copy of this motion and its supporting papers were

11  duly served as reflected by proofs of service to this Motion and the concurrently filed Notice

12  of filing of the Motion.  *See* Rotter Decl., ¶ 3 and Ex. 27

13  **VI.    CONCLUSION**

14      For the reasons set forth above, the Court should grant the relief specified in the Notice

15  of the Motion.

16

17  Dated:   June 10, 2010                    Respectfully submitted,

18                                            GUMPORT | MASTAN

19

20                                            By: _Andrew A. Rotter_____
                                                  Andrew S. Rotter
21                                                Proposed Attorneys Ronald L. Durkin,
                                                  Interim Chapter 11 Trustee
22                                                (Employment application is pending.)

23

24

25

26

27

28

17.

## SUPPLEMENTAL DECLARATION OF LEONARD L. GUMPORT

I, Leonard L. Gumport, state:

1.      I am a partner in the law firm of Gumport | Mastan ("G|M"), whose applications to serve as counsel to Ronald L. Durkin ("Mr. Durkin" or the "Interim Trustee") in his capacity as the interim trustee are pending.  Mr. Durkin is the interim trustee in the following five bankruptcy cases (collectively, the "Involuntary Cases"):  **(a)** *In re ThinkFilm, LLC*, Bk. No. 2:10-bk-19912-BR, **(b)** *In re R2D2 LLC*, Bk. No. 2:10-bk-19924-BR; **(c)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(d)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(e)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.  At the request of the Interim Trustee, I began working on his behalf on April 9, 2010.  I have personal knowledge of the facts stated in this declaration; and if called as a witness, I could and would competently testify thereto under oath.

2.      I have communicated with Susan H. Tregub, Esq. and her counsel Hayes F. Michel, Esq. regarding conducting an examination of and the production of documents by Ms. Tregub pursuant to Fed.R.Bankr.P. 2004.  Ms. Tregub has not opposed submitting to a Rule 2004 examination.


I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 10,  2010, at Los Angeles, California.

_____
Leonard L. Gumport

18.

## DECLARATION OF ANDREW S. ROTTER

I, Andrew S. Rotter, state:

1.	I am a partner in the law firm of Gumport | Mastan ("G|M"), whose applications to serve as counsel to Ronald L. Durkin ("Mr. Durkin" or the "Interim Trustee") in his capacity as the interim trustee are pending. Mr. Durkin is the interim trustee in the following five bankruptcy cases: **(a)** *In re ThinkFilm, LLC*, Bk. No. 2:10-bk-19912-BR, **(b)** *In re R2D2 LLC*, Bk. No. 2:10-bk-19924-BR; **(c)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(d)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(e)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.  At the request of the Interim Trustee, I began working on his behalf on or about April 9, 2010.  I have personal knowledge of the facts stated in this declaration; and if called as a witness, I could and would competently testify thereto under oath.

2.	On June 9, 2010, I received an email from Susan H. Tregub, Esq., in which she informed wrote that her address is 17554 Weddington Street, Encino, California 91316.

3.	In addition to service on those persons and entities identified in the attached Proof of Service, at my instruction, my office is serving a Notice of the filing of the foregoing motion in the form of **Exhibit 27** on those persons and entities listed in the Proof of Service thereto.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 10, 2010, at Los Angeles, California.

_____
Andrew S. Rotter

## EXHIBIT A:  DOCUMENTS AND THINGS TO BE PRODUCED

## DEFINITIONS

**A.**    "Bernard" means Bernard National Loan Investors, Ltd.

**B.**    "Capco" means Capco Group LLC.

**C.**    "Capitol Films" means Capitol Films Development LLC.

**D.**    "CT1" means CT1 Holdings LLC.

**E.**    "Document" means a "writing" or "recording," as those terms are defined in Fed.R.Evid. 1001, and includes written materials, tape recordings, and computer disks, computer drives and computer files.  "Document" includes any Document in Your possession and/or under Your control.

**F.**    "Fortress" means Fortress Value Recovery, CM LLC ("Fortress"), for itself and as custodian of records and managing agent of the Zwirn Group and/or Zwirn, Bernard, and Hemlock.

**G.**    "Hemlock" means Hemlock (LUX), S.A.R.L.

**H.**    "R2D2" means R2D2 LLC.

**I.**    "Tregub" means Susan H. Tregub and/or the Law Office of Susan H. Tregub.

**J.**    "ThinkFilm" means ThinkFilm LLC.

**K.**    "You" means and "Your" refers to Tregub.

**L.**    "Zwirn" means  D.B. Zwirn Special Opportunities Fund, LLC, formerly known as D.B. Zwirn Special Opportunities Fund, L.P.

**M.**    "Zwirn Group" means Zwirn, Bernard, Hemlock, and Fortress.

**N.**    "Zwirn Loan" means any loan made by any member of the Zwirn Group to and/or guaranteed by any of the Alleged Debtors at any time during 2005-2010.

## DOCUMENTS AND THINGS TO BE PRODUCED BY YOU

**1.**    All bank account statements for the Susan H. Tregub Client Trust Account and each other account in Tregub's name into which any funds of the Alleged Debtors were

///

1  deposited for each month in which any such funds were deposited (provided that such bank

2  statements were prepared or dated at any time during 2005-2010).

3      **2.**    All checks (fronts and backs), deposit slips, wire transfer instructions, and wire

4  transfer confirmations showing the uses made of any funds of the Alleged Debtors that were

5  deposited into the Susan H. Tregub Client Trust Account or any other account in Tregub's

6  name at any time during 2005-2010.

7      **3.**    All bank account statements for the Susan H. Tregub Client Trust Account and

8  each other account in Tregub's name from which any funds were transferred to any of Alleged

9  Debtors for each month in which any such funds were transferred to any of the Alleged

10  Debtors (provided that such bank statements were prepared or dated at any time during 2005-

11  2010).

12      **4.**    All checks (fronts and backs), deposit slips, wire transfer instructions, and wire

13  transfer confirmations showing the sources of any and all of the funds transferred from the

14  Susan H. Tregub Client Trust Account or any other account in Tregub's name to any of the

15  Alleged Debtors at any time during 2005-2010.

16      **5.**    All financial statements, balance sheets, profit and loss statements, income

17  statements, and cash flow reports provided to any member of the Zwirn Group by any of the

18  Alleged Debtors (and/or by Tregub on their behalf) in connection with any Zwirn Loan

19  (provided that such Documents were prepared or dated at any time during 2005-2010).

20      **6.**    All appraisals and other valuations of any motion picture, distribution

21  agreement, or copyright directly or indirectly owned by any of the Alleged Debtors and

22  provided to the Zwirn Group in connection with any Zwirn Loan (provided that such

23  Documents were prepared or dated at any time during 2005-2010).

24      **7.**    All memoranda, emails and correspondence between, Tregub, on one hand, and

25  any representative of the Zwirn Group (including Eileen Burke and Akin Gump), on the other

26  hand, that refer to any Zwirn Loan (provided that such Documents were prepared or dated at

27  any time during 2005-2010).

28  **END OF EXHIBIT A**

F:\CLIENTS\Thinkfilm\Pleadings\Tregub Rule 2004.Motion.Capitol.wpd

1  LEONARD L. GUMPORT (Bar No. 86935)
   lgumport@gumportlaw.com
2  ANDREW S. ROTTER (Bar No. 86725)
   arotter@gumportlaw.com
3  PETER J. MASTAN (Bar No. 190250)
   pmastan@gumportlaw.com
4  GUMPORT | MASTAN
   550 South Hope Street, Suite 825
5  Los Angeles, California 90071-2627
   Telephone: (213) 452-4900
6  Facsimile: (213) 623-3302

7  Proposed Attorneys for Ronald L. Durkin,
   Interim Chapter 11 Trustee
8

9          UNITED STATES BANKRUPTCY COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11              LOS ANGELES DIVISION

12  In re                          )  Bk. No. 2:10-bk-19938-BR
                                   )
13                                 )  CHAPTER 11
    CAPITOL FILMS DEVELOPMENT,     )
14  LLC,                           )  NOTICE OF FILING MOTION
                                   )  PURSUANT TO FED.R.BANKR.P. 2004
15                                 )  AND L.B.R. 2004-1 FOR AN ORDER
                                   )  REQUIRING THE PRODUCTION OF
16          Alleged Debtor.        )  DOCUMENTS BY AND THE
                                   )  EXAMINATION OF SUSAN H.
17                                 )  TREGUB, INDIVIDUALLY AND AS
                                   )  CUSTODIAN OF RECORDS OF THE
18                                 )  LAW OFFICE OF SUSAN H. TREGUB
                                   )
19                                 )  [Declarations of Ronald L. Durkin, Daniel P. Dehner
                                   )  and Leonard L. Gumport, Request To Take Judicial
20                                 )  Notice, Supplemental Declaration of Daniel P.
                                   )  Dehner, and Exhibits previously filed; and Notice of
21                                 )  Motion, Memorandum of Points and Authorities,
                                   )  Supplemental Declaration of Leonard L. Gumport,
22                                 )  Declaration of Andrew S. Rotter; Supplemental
                                   )  Request To Take Judicial Notice, and Exhibits and
23                                 )  concurrently filed under separate covers.]
                                   )
24                                 )  DATE:     July 20, 2010
                                   )  TIME:     10:00 a.m.
25                                 )  PLACE:    Courtroom 1668
                                   )            255 E. Temple St.
26                                 )            Los Angeles, CA 90012
                                   )            [Judge Russell]
27  _____ )

28  / / /

                    EXHIBIT 27                          00022

1    ## NOTICE OF FILING MOTION

2    **TO SUSAN H. TREGUB, INDIVIDUALLY AND AS CUSTODIAN OF RECORDS**

3    **AND MANAGING AGENT OF THE LAW OFFICE OF SUSAN H. TREGUB; DAVID**

4    **R. BERGSTEIN; THE ALLEGED DEBTORS; THE OFFICE OF THE UNITED**

5    **STATES TRUSTEE; PETITIONING CREDITORS; THOSE PERSONS AND**

6    **ENTITIES THAT HAVE REQUESTED SPECIAL NOTICE; AND THEIR**

7    **RESPECTIVE ATTORNEYS OF RECORD, IF ANY:**

8        **NOTICE IS HEREBY GIVEN** that, on the 10:00 a.m. calendar on July 20, 2010, in

9    Courtroom 1668 of the United States Bankruptcy Court for the Central District of California,

10   Los Angeles Division, located at 255 East Temple Street, Los Angeles, California 90012, the

11   Honorable Barry Russell, United States Bankruptcy Judge, will conduct a hearing on the

12   motion (the "Motion"), pursuant to Fed.R.Bankr.P. 2004 and L.B.R. 2004-1, to require the

13   production of documents by and the examination under oath of Susan H. Tregub ("Tregub"),

14   individually and as a custodian of records and managing agent of the Law Office of Susan H.

15   Tregub, which Motion was filed by Ronald L. Durkin, the chapter 11 interim trustee (the

16   "Interim Trustee") of the bankruptcy estate of the alleged debtors (the "Alleged Debtors") in

17   the following five bankruptcy cases (collectively, the "Involuntary Cases"): **(1)** *In re R2D2,*

18   *LLC*, Bk. Case No. 2:10-bk-19924-BR; **(2)** *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR;

19   **(3)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(4)** *In re CapCo Group, LLC*, Bk.

20   No. 2:10-bk-19929-BR; and **(5)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-

21   19938-BR.   By the Motion, and identical motions in each of the other Involuntary Cases, the

22   Interim Trustee seeks an order which provides that:

23       **A.**    Tregub, for herself and in her capacity as a custodian of records and

24       managing agent of the Law Office of Susan H. Tregub, shall produce for inspection

25       and copying by the Interim Trustee the documents and things described in **Exhibit A** at

26       10:00 a.m. on July 23, 2010, at the offices of Gumport | Mastan, 550 South Hope

27       Street, Suite 825, Los Angeles, California 90071 (the "G|M Offices").

28   / / /

## EXHIBIT 27

00023

1.

**B.**   Tregub, for herself and in her capacity as a custodian of records and managing agent of the Law Office of Susan H. Tregub, shall appear for and submit to a sworn examination by the Interim Trustee pursuant to Fed.R.Bankr.P. 2004 and L.B.R. 2004-1, at the G|M Offices, before a notary public or some other person authorized to administer oaths, beginning at 10:00 a.m. on July 23, 2010 and continuing during business hours from day to day (not including Saturdays, Sundays, and legal holidays) until completed.

**C.**   The scope of the examination shall be:  **(1)** the production, authenticity, location, maintenance, loss, alteration, and/or destruction of any of the records (including computer files) of the Alleged Debtors' assets, liabilities, and financial affairs listed on **Exhibit A**; and **(2)** the transfer of money between accounts in Tregub's name (including but not limited to Tregub's client trust account) and the Alleged Debtors.

**D.**   David Bergstein, Ronald N. Tutor, and their respective counsel, shall be entitled to attend and participate in the examination.

**E.**   Prior to the commencement of the examination, the Interim Trustee shall file a proof of service of a subpoena pursuant to Fed.R.Bankr.P. 9016 and Fed.R.Civ.P. 45.

**NOTICE IS FURTHER GIVEN** that Tregub's business address is 17554 Weddington Street, Encino, California 91316.  Tregub's counsel is Hayes F. Michel, Esq. of Baker & Hofstedler, 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025. The business address of Bergstein and the Alleged Debtors is 10960 Wilshire Boulevard, Suite 700, Los Angeles, California 90024.

**NOTICE IS FURTHER GIVEN** that the Motion is made on the grounds that: **(1)** the requested examination and documents will aid the Interim Trustee in ascertaining and protecting the assets and records of the Alleged Debtors, all of whom are affiliated entities that are managed and/or controlled by Bergstein; **(2)** pursuant to L.B.R. 2004-1(a), the Interim Trustee's counsel has conferred with Tregub concerning a proposed Rule 2004 examination;

EXHIBIT 27        2.

1  and she is willing to appear for a Rule 2004 examination, but has requested that the Interim

2  Trustee obtain an Order for the production of documents; and **(3)** this matter cannot proceed

3  under Fed.R.Bankr.P. 7030 or 9014 because there is no pending adversary proceeding or

4  contested matter in which the Interim Trustee is a party.

5      **NOTICE IS FURTHER GIVEN** that the Motion is being filed with the Court at the

6  address set forth below and is available for public inspection.  Any party-in-interest may

7  obtain a complete copy of the Motion, including the Memorandum of Points and Authorities,

8  Declarations of Ronald L. Durkin, Daniel P. Dehner, Leonard L. Gumport, and Andrew S.

9  Rotter, the Request To Take Judicial Notice, the Supplemental Request To Take Judicial

10  Notice, and the exhibits at that party's own expense from the Court's file or by contacting

11  Travis M. Terry ("Terry"), at Gumport | Mastan, 550 South Hope Street, Suite 825, Los

12  Angeles, California 90071; 213-452-4900; or *travis@gumportlaw.com.*

13      **NOTICE IS FURTHER GIVEN** that, by contacting Terry, any party-in-interest may

14  also request a computer-imaged copy of the complete Motion by email provided that the

15  request includes a return email address and states the requesting party's full name and mailing

16  address.

17      **NOTICE IS FURTHER GIVEN** that, a motion for a protective order may be filed if

18  grounds therefor exist under Fed.R.Bankr.P. a 7026 and Fed.R.Civ.P. 26 (c).  Pursuant to the

19  Court's instruction:  **(a)** a formal motion for a protective order, if any, must be filed and

20  served at least 21 days before July 20, 2010, and **(b)** shall be set for hearing on regular notice

21  on the 10:00 a.m. calendar on July 20, 2010.  Such a motion for a protective order must be

22  filed with the Court and served on the Interim Trustee and the Office of the United States

23  Trustee as follows:

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**EXHIBIT 27**

00025

3.

1   **For Filing with the Court:**            **For Service on the U.S. Trustee:**
    Clerk's Office                        c/o Russell Clementson, Esq.

2     United States Bankruptcy Court       Office of the United States Trustee
    255 East Temple Street              725 South Figueroa Street, Suite 2600

3     Los Angeles, California  90012        Los Angeles, California  90017

4

5   **For Service on the Interim Trustee:**
    Ronald L. Durkin, Interim Trustee
    c/o Andrew S. Rotter, Esq.

6     Gumport | Mastan
    550 South Hope Street, Suite 825

7     Los Angeles, California  90071

8         **NOTICE IS FURTHER GIVEN that failure to file and serve the motion for a**

9   **protective order and to set it for hearing on the 10:00 a.m. calendar on July 20, 2010**

10   **may be regarded by the Court as consent to granting the Motion and as a waiver of any**

11   **basis for a protective order.**

12

13   Dated: June 10, 2010            Respectfully submitted,

14                             GUMPORT | MASTAN

15

16                           By:_____*Andrew S. Rotter*_____

17                              Andrew S. Rotter
                        Proposed Attorneys for Ronald L. Durkin,

18                         Interim Chapter 11 Trustee
                      (Employment application is pending.)

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 27**

0002S

4.

## EXHIBIT A:  DOCUMENTS AND THINGS TO BE PRODUCED

## DEFINITIONS

**A.**    "Alleged Debtors" means R2D2, CT1, Capco, ThinkFilm, and Capitol Films.

**B.**    "Bernard" means Bernard National Loan Investors, Ltd.

**C.**    "Capco" means Capco Group LLC.

**D.**    "Capitol Films" means Capitol Films Development LLC.

**E.**    "CT1" means CT1 Holdings LLC.

**F.**    "Document" means a "writing" or "recording," as those terms are defined in Fed.R.Evid. 1001, and includes written materials, tape recordings, and computer disks, computer drives and computer files.  "Document" includes any Document in Your possession and/or under Your control.

**G.**    "Fortress" means Fortress Value Recovery, CM LLC ("Fortress"), for itself and as custodian of records and managing agent of the Zwirn Group and/or Zwirn, Bernard, and Hemlock.

**H.**    "Hemlock" means Hemlock (LUX), S.A.R.L.

**I.**    "R2D2" means R2D2 LLC.

**J.**    "Tregub" means Susan H. Tregub and/or the Law Office of Susan H. Tregub.

**K.**    "ThinkFilm" means ThinkFilm LLC.

**L.**    "You" means and "Your" refers to Tregub.

**M.**    "Zwirn" means  D.B. Zwirn Special Opportunities Fund, LLC, formerly known as D.B. Zwirn Special Opportunities Fund, L.P.

**N.**    "Zwirn Group" means Zwirn, Bernard, Hemlock, and Fortress.

**O.**    "Zwirn Loan" means any loan made by any member of the Zwirn Group to and/or guaranteed by any of the Alleged Debtors at any time during 2005-2010.

## DOCUMENTS AND THINGS TO BE PRODUCED BY YOU

**1.**    All bank account statements for the Susan H. Tregub Client Trust Account and each other account in Tregub's name into which any funds of the Alleged Debtors were

///

## EXHIBIT 27

00027

5.

1  deposited for each month in which any such funds were deposited (provided that such bank

2  statements were prepared or dated at any time during 2005-2010).

3      **2.**    All checks (fronts and backs), deposit slips, wire transfer instructions, and wire

4  transfer confirmations showing the uses made of any funds of the Alleged Debtors that were

5  deposited into the Susan H. Tregub Client Trust Account or any other account in Tregub's

6  name at any time during 2005-2010.

7      **3.**    All bank account statements for the Susan H. Tregub Client Trust Account and

8  each other account in Tregub's name from which any funds were transferred to any of

9  Alleged Debtors for each month in which any such funds were transferred to any of the

10  Alleged Debtors (provided that such bank statements were prepared or dated at any time

11  during 2005-2010).

12      **4.**    All checks (fronts and backs), deposit slips, wire transfer instructions, and wire

13  transfer confirmations showing the sources of any and all of the funds transferred from the

14  Susan H. Tregub Client Trust Account or any other account in Tregub's name to any of the

15  Alleged Debtors at any time during 2005-2010.

16      **5.**    All financial statements, balance sheets, profit and loss statements, income

17  statements, and cash flow reports provided to any member of the Zwirn Group by any of the

18  Alleged Debtors (and/or by Tregub on their behalf) in connection with any Zwirn Loan

19  (provided that such Documents were prepared or dated at any time during 2005-2010).

20      **6.**    All appraisals and other valuations of any motion picture, distribution

21  agreement, or copyright directly or indirectly owned by any of the Alleged Debtors and

22  provided to the Zwirn Group in connection with any Zwirn Loan (provided that such

23  Documents were prepared or dated at any time during 2005-2010).

24      **7.**    All memoranda, emails and correspondence between, Tregub, on one hand, and

25  any representative of the Zwirn Group (including Eileen Burke and Akin Gump), on the other

26  hand, that refer to any Zwirn Loan (provided that such Documents were prepared or dated at

27  any time during 2005-2010).

28  

## END OF EXHIBIT A

00028

**EXHIBIT 27**

F:\CLIENTS\Thinkfilm\Pleadings\Tregub Rule 2004.Notice.Capitol.wpd

| In re: CAPITOL FILMS, LLC, | CHAPTER: 11 |
|---|---|
| Alleged Debtor(s). | CASE NUMBER: 2:10-bk-19938-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** LIST ANY PERSON OR ENTITY IN Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Gumport | Mastan, 550 S. Hope Street, Suite 825, Los Angeles, CA 90071

A true and correct copy of the foregoing document described as: **NOTICE OF MOTION AND MOTION PURSUANT TO FED.R.BANKR.P. 2004 AND L.B.R. 2004-1 FOR AN ORDER REQUIRING THE PRODUCTION OF DOCUMENTS BY AND THE EXAMINATION OF SUSAN H. TREGUB, INDIVIDUALLY AND AS CUSTODIAN OF RECORDS OF THE LAW OFFICE OF SUSAN H. TREGUB; SUPPLEMENTAL DECLARATION OF LEONARD L. GUMPORT; DECLARATION OF ANDREW S. ROTTER; AND EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(S) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **June 14, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

_X_  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **June 14, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

_X_  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows:.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

___  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 14, 2010 | TRAVIS MICHAEL TERRY | |
|---|---|---|
| Date | Type name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                           **F 9013-3.1**

| In re: CAPITOL FILMS, LLC, | CHAPTER: | 11 |
|---|---|---|
| Alleged Debtor(s). | CASE NUMBER: | 2:10-bk-19938-BR |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| | |
|---|---|
| David E Ahdoot | dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com |
| Todd M Arnold | tma@lnbrb.com |
| Russell Clementson | russell.clementson@usdoj.gov |
| Jeffrey K Garfinkle | bkgroup@buchalter.com, jgarfinkle@buchalter.com |
| Irving M Gross | img@lnbrb.com, angela@lnbrb.com |
| Leonard L Gumport | lgumport@grlegal.com |
| Michael C Heinrichs | mheinrichs@omm.com |
| Joseph A Kohanski | jkohanski@bushgottlieb.com, tjimines@bushgottlieb.com |
| Joseph A Kohanski | tjimines@bushgottlieb.com |
| Edward M Lyman | elyman@cochranfirm.com |
| Peter J Mastan | pmastan@grlegal.com |
| David L. Neale | dln@lnbrb.com |
| Andrew S. Rotter | arotter@grlegal.com |
| Mark M Sharf | mark@sharflaw.com, msharf00@gmail.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| David Weinstein | david.weinstein@hro.com |

**TO BE SERVED BY FIRST CLASS U.S. MAIL**

**OFFICE OF THE U.S. TRUSTEE**
Russell Clementson, Esq.
Office of the U.S. Trustee
Ernst & Young Plaza
725 South Figueroa Street, 26th Floor
Los Angeles, CA  90017

**INTERIM TRUSTEE**
Ronald L. Durkin, CPA
Durkin Forensic Incorporated
601 S. Figueroa Street, Suite 2080
Los Angeles, CA  90017

**SUSAN H. TREGUB**
Susan H. Tregub, Esq.
17554 Weddington Street
Encino, CA 91316

**COUNSEL TO
SUSAN H. TREGUB**
Hayes F. Michael, Esq.
Baker & Hofstedler
12100 Wilshire Blvd., 15th Flr.
Los Angeles, CA 90025

**RONALD N. TUTOR**
Tutor-Saliba corporation
15901 Olden St.
Sylmar, CA  91342

**COUNSEL TO RONALD N. TUTOR**
Jean Pierre Nogues, Esq.
Lucia E. Coyoca, Esq.
Mitchell Silberberg & Knupp, LLP
11377 West Olympic Blvd.
Los Angeles, CA  90064-1683

**UNITED STATES BANKRUPTCY COURT**
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Bldg. and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                   **F 9013-3.1**